The EASTERN BERGEN COUNTY
BOARD OF REALTORS, INC., et
al., Plaintiffs,

v.

BOROUGH OF FORT LEE, et
al., Defendants.

Civ. A. No. 87–17.

United States District Court,
D. New Jersey.

June 22, 1989.

Paul W. Ross, Hackensack, N.J., for
plaintiffs.

Kenneth W. Herbert, Palisades Park,
N.J., for defendants.

## OPINION

WOLIN, District Judge.

In this action for declaratory relief, plaintiffs move for summary judgment declaring Sections 20–2.3:51(*o*) and 20–2.3:52(a) and Ordinance No. 87–4, supplementing Chapter 20–2.3:54, of the Fort Lee Zoning Ordinance unconstitutional under the First, Fifth, Ninth and Fourteenth Amendments of the United States Constitution and for a preliminary and permanent injunction against the enforcement of the Zoning Ordinance. The Court finds that Section 20–2.3:52(a) of the Fort Lee Zoning Ordinance, which effectively prohibited the use of all advertising signs pertaining to the sale or rental of any property in the Borough, violated the First Amendment to the United States Constitution when applied to real estate advertising signs and that all outstanding complaints issued by the defendants charging the plaintiffs with violations of this Section are unenforceable. However, the Court finds the newly enacted Ordinance No. 87–4 constitutional and enforceable.

## I. BACKGROUND

Defendant, the Borough of Fort Lee, New Jersey, enacted the Zoning Ordinance of 1981, as amended through November 12, 1985. Included in the Zoning Ordinance are Section 20–2.3:51(0),[1] which defines a

1. Section 20–2.3:51(*o*) of the Fort Lee Zoning Ordinance states:

51(*o*) 'Sandwich Sign' shall mean a ground sign the two sides of which are not parallel to each other.

sandwich sign, and Section 20–2.3:52(a),[2] which prohibits certain signs within the Borough.

On or about August 18, 1986, defendant John E. Collazuol, construction official and zoning officer of Fort Lee, sent written notice to plaintiff Terrace Picone Lee, Realtors ("Terrace Picone Lee") directing plaintiff to remove its "For Sale" sign located on property in the Borough within five days. Plaintiff failed to remove the sign and subsequently, on October 16, 1986, was served with a summons and complaint signed by defendant Kathleen Patrick, the Deputy Court Clerk of the Borough of Fort Lee, charging plaintiff with a violation of the Fort Lee Zoning Ordinance, Sections 20–2.3:51(o) and 20–2.3:52(a).

The following day, plaintiff Terrace Picone Lee was served with another summons and complaint charging a violation of the same sections of the Fort Lee Zoning Ordinance at another location.

On or about October 23, 1986, plaintiff Century 21–Turi Realty, Inc. ("Turi Realty") also received a summons and complaint charging violation of the same sections of the Fort Lee Zoning Ordinance for failure to remove a free-standing advertising sign located on property within the Borough.

Counsel for plaintiffs Terrace Picone Lee, Turi Realty and The Eastern Bergen County Board of Realtors, Inc., a realtor association to which Terrace Picone Lee and Turi Realty belong, requested that the defendants dismiss these complaints, but the Borough of Fort Lee refused.[3]

Plaintiffs then filed a complaint in this Court on January 5, 1987, challenging the constitutionality of Sections 20–2.3:51(o) and 20–2.3:52(a) of the Fort Lee Zoning Ordinance, seeking a declaratory judgment proclaiming the Sections unconstitutional and a permanent injunction against the enforcement of the Ordinance. Subsequent to the filing of the complaint, defendant Borough of Fort Lee amended the Zoning Ordinance by passing Ordinance No. 87–4 supplementing Chapter 20–2.3:54 of the Zoning Ordinance.[4]

On January 31, 1989, plaintiffs filed a supplemental pleading as an amendment to the complaint alleging that Ordinance No. 87–4, regulating the size, height and location of real estate "For Sale" and "For Rent" signs, suffers from the same Constitutional defects as Sections 20–2.3:51(o) and 20–2.3:52(a) of the Zoning Ordinance and therefore is unconstitutional and invalid. Therefore, plaintiffs also seek judgment declaring Ordinance No. 87–4 of the Fort Lee Zoning Ordinance unconstitutional and seek a preliminary and permanent injunction against its enforceability.

## II. DISCUSSION

A. *The Constitutionality of Sections 20–2.3:51(o) and 20–2.3:52(a) of the Fort Lee Zoning Ordinance*

Although Sections 20–2.3:51(o) and 20–2.3:52(a) of the Fort Lee Zoning Ordinance do

---

2. Section 20–2.3:52(a) states:
   52. Certain signs prohibited.
   (a) No person shall construct, erect, locate, use or maintain any of the following signs within any zone district of the borough: advertising signs, flashing signs, movable signs, paper or cardboard signs (except window signs as permitted) projecting signs, revolving signs, sandwich signs, signs on fences.

3. Other complaints charging violations of the same sections of the Zoning Ordinance have been issued to other real estate brokers and similarly have not been dismissed. Pursuant to an agreement with the Municipal Court of Fort Lee, those cases have been stayed pending the outcome of this case.

4. Ordinance No. 87–4 states:

(m) 'For Sale' and 'For Rent' signs shall be permitted in all known districts, subject to the following size limitations:
In R–1, R–A, R–2, R–2A, R–3, R–3A, R–4 and R–4A zones—free standing signs only, no larger than two feet by two feet, the top of which shall be no more than four feet from the ground. Signs must be located no closer than five feet from the property line or fifteen feet from the curbline, whichever is greater. In no instance may a sign be located within the 'site triangle' at a street intersection.
In all other zones, signs may be no larger than three feet by six feet and must be located on the subject property, subject to the same restrictions above.
Fort Lee, N.J., Rev. Ordinance ch. 20–23, art. 54, § m (Supp.1987).

not apply to "For Sale" or "For Rent" signs by virtue of the new Ordinance 87–4, the issue of the sections' constitutionality remains important because complaints issue by defendants charging plaintiffs with violations of these sections remain outstanding. The constitutionality of the amendment to the Zoning Ordinance allowing "For Sale" and "For Rent" signs in residential districts will be addressed in the second part of this discussion.

Determination of the constitutionality of Section 20–2.3:52(a) [5] as it applies to "For Sale" signs requires application of relatively settled constitutional principles. Plaintiffs argue that this section violates the First Amendment of the United States Constitution, denies due process and equal protection, and violates the right to freely acquire, own and alienate property by banning business and advertising signs in the residential zones of the Borough of Fort Lee. Defendants contend that this claim is moot because of Ordinance No. 87–4, an amendment to the Zoning Ordinance passed in 1987, which permits "For Sale" and "For Rent" signs with certain size and location restrictions.

Although plaintiffs present numerous claims, the constitutionality of Section 20–2.3:52(a) of the Zoning Ordinance can be properly decided by consideration of the First Amendment claim alone.

The Supreme Court has established that certain commercial speech falls within the protection of the First Amendment. *Virginia Pharmacy Bd. v. Virginia Citizens Consumer Council,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). Although commercial speech is not left unprotected by the First Amendment, some regulation is permissible. 425 U.S. at 771, 96 S.Ct. at 1830. In *Virginia Pharmacy Bd.,* the Supreme Court recognized that it had often approved time, place and manner restrictions and set forth three requirements a valid time, manner and place restriction must satisfy:

that they are justified without reference to the content of the regulated speech, that they serve a significant governmental interest, and that in so doing they leave open ample alternative channels for communication of the information.

*Id.; cf. Clark v. Community for Creative Non-Violence,* 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984) (holding that a regulation preventing demonstrators from sleeping in non-designated campgrounds was a valid time, place or manner restriction because it was neutral with regard to the information presented, it left open ample alternative methods of communicating the intended message, and it was narrowly focused on the government's substantial interest in maintaining parks in an attractive condition).

The Supreme Court in *Linmark Associates, Inc. v. Township of Willingboro,* 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977), held that an ordinance prohibiting the posting of "For Sale" signs violated the First Amendment.[6] The court concluded that the ordinance failed to meet the criteria of a valid time, place and manner restriction as set forth in *Virginia Pharmacy Bd. Linmark,* 431 U.S. at 93–97, 97 S.Ct. at 1618–1620.

First, the Court found that the ordinance did not leave open ample alternative channels for communication. The Court reasoned that the options of newspaper advertising and listing with real estate agents, though available to the plaintiffs, were more costly and less effective than the use of "For Sale" signs. The court, therefore, concluded that these alternatives were unsatisfactory. *Linmark,* 431 U.S. at 93, 97 S.Ct. at 1618.

Second, the *Linmark* Court found that the ordinance was not concerned with the time, manner or place of speech, but with

---

5. Section 20–2.3:51(*o*) of the Fort Lee Zoning Ordinance merely defines a sandwich sign. Because this Section neither restricts nor prohibits the use of such signs, it is not in violation of the United States Constitution.

6. *See also Daugherty v. City of East Point,* 447 F.Supp. 290 (N.D.Ga.1978) (holding that an overboard ordinance prohibiting the posting of all signs with certain narrow exceptions, thereby prohibiting the use of "For Sale" signs, violated the First Amendment).

its content. Because the ordinance did not prohibit all lawn signs or only lawn signs of a specific size or shape, the Court concluded that the ban on real estate advertising signs was content based. *Linmark*, 431 U.S. at 93–94, 97 S.Ct. at 1618–19.

Finally, the Court determined that the ordinance did not promote an important governmental objective. The Court reasoned that the ban on "For Sale" signs was not necessary to achieve the Township's asserted goal of promoting integrated housing. Thus, the court concluded that because the ordinance restricted the free flow of vital commercial information without serving a significant governmental interest, the ordinance was unconstitutional. *Linmark*, 431 U.S. at 96–97, 97 S.Ct. at 1620–21.

In *Bloomfield Bd. of Realtors v. Township of Bloomfield*, No. 86–1515 (D.N.J. July 28, 1986), this Court, per Judge Ackerman, struck down an ordinance prohibiting real estate advertising signs in residential zones as a violation of the First Amendment. Applying the reasoning employed by the Supreme Court in *Linmark*, the Court determined that the Bloomfield ordinance failed to meet the three requirements set forth in *Virginia Pharmacy Bd.* and, therefore, was unconstitutional. *Bloomfield Bd. of Realtors*, slip op. at 5.

■ Section 20–2.3:52(a) of the Fort Lee Zoning Ordinance is unconstitutional as applied to real estate advertising signs for similar reasons. This section prohibits only certain types of signs in the Borough. Institutional signs, occupancy signs, professional signs and vacancy signs are not banned by the ordinance. Thus, this section is content-based and fails to meet the first requirement of *Virginia Pharmacy Bd.*

In addition, although methods of advertisement other than the use of "For Sale" signs are available to the plaintiffs, the cost and effectiveness of these methods do not render them acceptable or practical alternatives. *Bloomfield Bd. of Realtors*, slip op. at 5.

Finally, the defendants have not offered any governmental interests that are served by the enforcement of Section 20–2.3:52(a). Because the Borough may not "completely suppress the dissemination of concededly truthful information about an entirely lawful activity," *Virginia Pharmacy Bd.*, 425 U.S. at 773, 96 S.Ct. at 1831, without having a legitimate governmental objective realized through a valid time, place or manner regulation, *Bloomfield Bd. of Realtors*, slip op. at 8, Section 20–2.3:52(a) is unconstitutional as applied to real estate advertising signs and any outstanding complaints issued under that ordinance are unenforceable.

**B.** *The Constitutionality of the Supplementing Ordinance*

■ In plaintiffs' amended complaint, they contend that the ordinance supplementing Chapter 20–2.3:54 of the Fort Lee Zoning Ordinance is also unconstitutional. However, the Court finds Ordinance No. 87–4, which allows "For Sale" and "For Rent" signs conforming to certain size, height and location restrictions, meets the criteria presented in both *Virginia Pharmacy Bd.*, and *Clark*, 468 U.S. at 295–96, 104 S.Ct. at 3069–70. *See also South Suburban Housing Center v. Greater South Suburban Bd. of Realtors, et al.*, 713 F.Supp. 1068 (N.D.Ill.1988) (holding that ordinances that did not prohibit but merely regulated the size, placement and manner of "For Sale" signs did not violate the standard of *Clark* or, therefore, the First Amendment).

Because Ordinance No. 87–4 regulates only the form and manner of speech, it is not content-based. Additionally, this amendment to the Zoning Ordinance leaves open a satisfactory alternative of communication for realtors who may have wished to advertise on signs not conforming to the ordinance. Ordinance No. 87–4 preserves the freedom to advertise by permitting the use of "For Sale" and "For Rent" signs that meet its height, size and location requirements.

The restrictions provided in Ordinance No. 87–4 limit the signs to standard industry size so as not to block vision or distract a driver's attention from the road. The provision regulating the location of the

signs serves the purpose of promoting traffic safety and is closely tailored to serve that purpose. Clearly, the restrictions set forth in this amendment help further the significant governmental interest of protecting pedestrians and drivers using the Borough's roadways. *Cf. Dills v. City of Marietta,* 674 F.2d 1377 (11th Cir.1982) (holding that an ordinance restricting the use of portable display signs violated the First Amendment because the time restriction on the use of the signs did not directly further the asserted governmental interest in traffic safety). Because Ordinance No. 87–4 bears a significant relationship to the public health, safety and general welfare, it is a reasonable and proper exercise of the Borough's police power. *See Sign Supplies of Texas v. McConn,* 517 F.Supp. 778 (S.D.Tex.1980) (holding that an ordinance regulating the size, height, location and construction of signs was a valid exercise of the city's police power). Additionally, since the effect of Ordinance No. 87–4 is not to restrict the free flow of vital commercial information, *Linmark,* 431 U.S. at 95, 97 S.Ct. at 1619, it is constitutional and enforceable.[7]

Therefore, after examining the sections of the amended ordinance in light of the criteria for determining the constitutionality of a regulation of commercial speech employed by the Supreme Court in *Virginia Pharmacy Bd.,* the Court finds Ordinance No. 87–4 of the Fort Lee Zoning Ordinance constitutional.

### III. CONCLUSION

For the reasons set forth above, the Court finds that Section 20–2.3:52(a) of the Fort Lee Zoning Ordinance is unconstitutional as applied to real estate advertising signs and therefore grants plaintiffs' motion for summary judgment with respect to this section. The Court further holds that any outstanding complaints charging plaintiffs with a violation of this section are void and unenforceable.

Finally, the Court further finds that Section 20–2.3:51(*o*) and Ordinance No. 87–4 supplementing Chapter 20–2.3:54 of the Fort Lee Zoning Ordinance are constitutional and therefore denies plaintiffs' motion for summary judgment with respect to these sections.

An appropriate order is attached.

**7.** Plaintiffs' claim that the enforcement of Ordinance No. 87–4 of the Fort Lee Zoning Ordinance violates the Fifth and Fourteenth Amendments by denying plaintiffs equal protection of the law must also fail. The equal protection clause traditionally has been interpreted to grant the states broad discretion with regard to making classifications in enacting legislation. As long as the classification presented in the legislation is rationally related to a permissible government interest, the Equal Protection Clause is not violated. *See Rogin v. Bensalem Township,* 616 F.2d 680 (3d Cir 1980) (holding that the test for determining whether legislation violates the Equal Protection Clause is whether the legislation is rationally related to a legitimate governmental interest). Because this Court has already determined in its discussion of plaintiffs' First Amendment claim that Ordinance No. 87–4 was narrowly tailored and significantly related to the Borough's interest in traffic safety, the issue of equal protection is similarly resolved.

Plaintiffs' claim that Ordinance No. 87–4 violates the Ninth Amendment by denying plaintiffs' right to freely acquire, own and alienate property is without merit. Plaintiffs have supplied no cases to support their Ninth Amendment claim, nor has the Court found any caselaw supporting such a theory. Plaintiffs' case against the supplementing ordinance must therefore rest on their First Amendment claim.